# COMMON PLEAS COURT

No. 173

STATE ex RIKE-KUMLER CO. v. LAKE, Bailiff

Montgomery Common Pleas

No. 58364

483. EXECUTION—The bailiff of the Dayton Municipal Court may serve notices in aid of execution against a creditor of the judgment debtor in an outside township of the county.

798. MUNICIPAL COURTS—The Municipal court of Dayton, sitting within its territorial jurisdiction, may in a proper case, exercise all the jurisdiction vested by the law of Ohio in justices of the peace sitting within their territorial limits.

SNEDIKER, J.

The Rike-Kumler Co. as plaintiff obtained a judgment against one Herbert Anderson in the Dayton Municipal Court and said plaintiff caused an execution to issue against goods and chattels of Anderson. The return of the execution disclosed that no goods and chattels were found by the bailiff upon which to levy and it was returned unsatisfied.

Thereupon, there was placed in the hands of the bailiff, in pursuance of an affidavit which had been filed in aid of execution, notices to be served on Anderson and on Eugene Bell, the last named residing in Harrison township and because of that fact, Earl Lake, the bailiff refused to make service on him.

The company filed a petition in the Montgomery Common Pleas asking the court to issue a writ of mandamus against Lake requiring him to notify Bell as desired, and Lake refused on the ground that the persons to be served were non-residents of the city of Dayton. A demurrer was filed to this petition and teh court in overruling same, held:

1. The question for consideration is whether or not the Dayton Municipal Court has jurisdiction to enforce its judgments in the ancillary proceeding of aid of execution against a creditor of the judgment debtor resident in an outside township of the county.

2. Sec. 1579-51 GC. provides that the Municipal Court—shall have ordinary civil jurisdiction within the city of Dayton in all actions and proceedings in which justices of the peace courts have or may be given and 1579-52 GC. provides that in all cases the Municipal Court shall have jurisdiction in every ancillary and supplemental proceedings before or after judgment - - - - for which authority is now or may hereafter be conferred upon the Court of Common Pleas or upon justices of the peace.

3. As a part of the Act creating the Municipal Court, it was enacted that "no justice of the peace, judge of police court or constable shall hereafter be elected in Dayton township."

4. It becomes apparent from the foregoing, that when the Municipal Court was created by the legislature and organized in the city of Dayton, it took and was intended to take, among the other things, the jurisdiction which had formerly been enjoyed by justices of the peace of Dayton township.

5. This included the power to hear and determine matters brought properly before it, as well as the jurisdiction formerly exercised by justices of the peace of this township, authorizing them to execute and enforce their judgments.

6. To the full scope of the jurisdiction of the Municipal Court is therefore added such powers vested in justices of the peace under 10224 GC.

7. There is nothing in the nature of a proceeding in execution which would make it reasonable for the court to hold that it ought to be more limited territorially than the execution which it is intended to aid.

8. Since the Municipal Court has the jurisdiction of a justice of the peace within the limits of the city, and since a justice of the peace so sitting would have the right to issue execution running throughout the county and to extend the remedy of a proceeding in aid of execution to a judgment creditor, there ought to be no question about the power of the Dayton Municipal Court to issue a proceeding in aid and to require the service of the notices placed in the hands of its bailiffs on the person, partnership or corporation liable to the judgment debtor, so long as the amount due is not exempt from execution or attachment.

9. Unless this power is vested in the Municipal Court and its bailiffs, then under 1579-86 GC. a creditor of a resident of the city of Dayton is wholly without recourse in a case as in the instant proceeding.

10. The Dayton Municipal Court, sitting within its territorial jurisdiction, may, therefore, in a proper case, exercise all the jurisdiction vested by the law of Ohio in justices of the peace sitting within their territorial limits.

Demurrer overruled.